IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JUSTIN JOSEPH, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 4:25-CV-00491-CDL-AGH |
| VS. | : | |
| | : | |
| SAKINIA MOORE, | : | |
| | : | |
| Respondent. | : | |
| | : | |

### ORDER

*Pro se* Petitioner Justin Joseph, an inmate at the Muscogee County Jail in Columbus, Georgia, filed this petition for a writ of habeas corpus. ECF No. 1. Petitioner is challenging court proceedings that were held in the Superior Court of Muscogee County, Georgia concerning a criminal charge of Robbery by Sudden Snatching and revocation of his probation. *Id*. A review of court records reveals that on the same day that the present habeas action was docketed, Petitioner filed two other habeas petitions challenging these same state court proceedings, Robbery charge, and probation revocation. *Compare id*. with ECF No. 1 in 4:25-cv-00485-CDL-AGH, *Joseph v. Countryman* and ECF No. 1 in 4:25-cv-00492-CDL-AGH, *Joseph v. Hunter*. Petitioner also filed a fourth federal civil action utilizing a standard form for 42 U.S.C. § 1983 complaints that raised the same claims as his three habeas petitions that can be construed as yet another habeas action because he requests release from custody. *See* ECF No. 1 in 4:25-cv-00493-CDL-AGH, *Joseph v. Johnson*.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative" of another active case. *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000). "[A] suit is duplicative … if the parties, issues, and available relief do not significantly differ between the two actions." *IA. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). Because the petition in this action is indistinguishable from Petitioner's other habeas actions that are pending in this Court and because each petition seeks similar relief from the same incarceration, the present action is **DISMISSED** as duplicative. Petitioner is **ORDERED** not to file any other pleadings under this civil action number 4:25-cv-00491-CDL-AGH because this case is now closed.

Lastly, Petitioner is cautioned that "[a]ccess to the courts is unquestionably a right of considerable constitutional significance," but it is "'neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants." *Id.* Accordingly, "district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Id.* These restrictions may include but are not limited to dismissals for abuse of the judicial process or a monetary penalty or a prohibition against future *pro se* filings pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Having now been advised that he is verging on abusing the judicial process of this Court, Petitioner is **ORDERED** not to initiate repetitive civil actions raising the same

claims as he has done here nor should he file duplicative motions in a pending civil action, or he could face sanctions as described above.

**SO ORDERED**, this 31st day of December, 2025.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA